# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENACHEN SHOVAL, <br><br> Plaintiff, <br> vs. <br><br> SAN DIEGO COUNTY SHERIFF DEPUTY EVAN SOBZAK; THE COUNTY OF SAN DIEGO; and DOES I through X, inclusive, <br><br> Defendants. | **CASE NO. 09-CV-01348-H (JMA)** <br><br> **ORDER GRANTING MOTION TO DISMISS** |

On June 23, 2009, Plaintiff Menachen Shoval filed a complaint for violation of civil rights against Defendants San Diego Sheriff Deputy Evan Sobczak (erroneously sued as Evan Sobzak) and the County of San Diego. (Doc. No. 1, Compl.) On July 30, 2009, Defendants filed a motion to dismiss three causes of action in the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). (Doc. No. 2.) Plaintiff filed a response in opposition on August 17, 2009. (Doc. No. 3.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits it on the parties' papers. For the reasons set forth below, the Court grants the Defendants' motion to dismiss.

**Background**

Plaintiff alleges causes of action for: (1) excessive force, unlawful detainer, unlawful

arrest; (2) municipal federal civil rights liability; (3) assault and battery in violation of California Civil Code 52.1; (4) assault and battery; (5) false arrest; (6) negligence; and (7) negligent supervision. (Compl.) As the basis for these claims, Plaintiff alleges that on or about July 3, 2009, he was lawfully on his property at the 1400 block of Mina De Oro Road in Poway, California when Defendant Sobczak, acting under color of law as a San Diego County Sheriff Deputy, entered Plaintiff's property. (Id. ¶¶ 4-5, 13.) Plaintiff alleges that without probable cause Sobczak falsely detained Plainitff by placing handcuffs on him after pointing a gun at him and pulling the trigger. (Id. ¶ 5.) Plaintiff also alleges that Sobczak assaulted and battered Plaintiff without just or reasonable belief in the lawfulness of his actions. (Id. ¶ 5.) Plaintiff alleges that after he was placed in handcuffs, Sobczak searched his person and thereafter released Plaintiff. (Id. ¶ 6.) Plaintiff alleges that Sobczak's actions would not have occurred but for an official policy, decision, and guidelines of Defendant County of San Diego that authorized and condoned the use of excessive force on Plaintiff's person. (Id. 13.)

Defendants brought a motion to dismiss Plaintiff's second, third, and seventh causes of action pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff states in his opposition that he concurs with Defendants' request for the seventh cause of action to be dismissed, and requests that the dismissal be without prejudice. (Doc. No. 3 at 1.)

## **Discussion**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to

1  dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the
2  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
3  formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.
4  Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007).  A complaint does not "suffice if
5  it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129
6  S.Ct. 1937, 1949 (2009) (quoting id. at 556). "Factual allegations must be enough to raise a
7  right to relief above the speculative level." Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright
8  & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).   "All
9  allegations of material fact are taken as true and construed in the light most favorable to
10 plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient
11 to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83
12 F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 127 S.Ct. at 1964–65.

**A. Municipal Civil Rights Violation**

Plaintiff alleges in his second cause of action that senior officers of the San Diego Sheriff Department, a division of Defendant County of San Diego, authorized, sanctioned, and ratified each action of Sobczak and that Defendant County of San Diego failed to train or supervise Sobczak in a reckless and/or grossly negligent manner. (Compl. ¶¶ 14-15.) Plaintiff also alleges that it was the custom or usage of the San Diego County Sheriff Department to allow its officers to proceed without supervision and with explicit authorization to use unconstitutional means to detain Plaintiff. (Id. ¶ 16.)

To prevail on a § 1983 complaint against a local government under Monell v. Department of Social Services, a plaintiff must satisfy a three-part test: (1) The official(s) must have violated the plaintiff's constitutional rights; (2) The violation must be a part of policy or custom and may not be an isolated incident; and (3) A nexus must link the specific policy or custom to the plaintiff's injury. 436 U.S. 658, 690-92 (1978). A plaintiff may establish municipal liability based on policy or custom in one of three ways:

(1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;

      (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision or

      (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir.2005).

      The Court concludes that Plaintiff fails to state a claim for a municipal civil rights violation. Plaintiff's complaint includes only conclusory allegations concerning a policy or custom devoid of further factual enhancement. See Iqbal, 129 S.Ct. at 1949. Plaintiff does not allege any facts to support holding the County of San Diego liable under one of the theories that can show a policy or custom of a municipality. These bare bone allegations are little more than a formulaic recitation of the elements of a municipal civil rights claim and are insufficient to raise Plaintiff's right to relief above the speculative level. Plaintiff's allegations fail to meet the Twombly pleading standard. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's second cause of action with leave to amend.

      Defendants also contend that Plaintiff cannot state a claim for municipal civil rights violation against the County because the policy Plaintiff alleges concerns a Sheriff law enforcement matter. (Doc. No. 2 at 9.) Defendants rely on the California Supreme Court's decision in Venegas v. County of Los Angeles, which held that a county cannot be held liable for municipal civil rights violations when a sheriff acts for the state in conducting investigations. 32 Cal.4th 820 (2004). However, Plaintiff maintains that the Ninth Circuit case Brewster v. County of Shasta, 274 F.3d 803 (9th Cir. 2001), is controlling. (Doc. No. 3 at 3.) Brewster holds that California Sheriffs act on behalf of the county when investigating crimes and therefore can be liable under §1983. Id. The Court concludes that Venegas does not overturn Ninth Circuit precedent on this issue regarding a federal statute and does not control on issues of federal law. The ultimate question of a county's §1983 liability is one of federal law, although the inquiry is dependent on an analysis of state law. See Brewster, 275 F.3d at 806; Streit v. County of Los Angeles, 236 F.3d 552, 560 (9th Cir. 2001). Accordingly, until

the Ninth Circuit addresses the issue and abrogates Brewster, this Court is bound by Ninth Circuit precedent. Therefore, the Court denies without prejudice Defendants' motion to dismiss Plaintiff's second cause of action on the grounds that San Diego County Sheriffs act on behalf of the state when investigating crime.

**B. Violation of California Civil Code § 52.1**

Plaintiff's third cause of action is for assault and battery in violation of California's Bane Act, Civil Code § 52.1. (Compl. ¶¶ 18-19.) Section 52.1 provides that any individual may institute a civil action for damages:

> [i]f a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.

Cal. Civ. Code § 52.1(a)-(b).

Defendants argue that a county cannot be held liable under § 52.1 because it is not a "person" within the meaning of the section. (Doc. No. 2 at 4-5.) However, the case Defendants cite to support this argument, does not address the issue and in fact holds that the County of Los Angeles was not entitled to summary adjudication on a § 52.1 cause of action based on a qualified immunity argument. Venegas, 153 Cal.App.4th at 1246-47. Defendants also cite California Civil Code § 14 for their argument that the County cannot be liable under § 52.1. (Doc. No. 2 at 5.) Section 14 states that, "the word person includes a corporation as well as a natural person." Defendants have not made a sufficient showing that this definition does not encompass California counties, especially in light of the many cases naming counties as defendants in § 52.1 causes of action. See, e.g., Venegas, 153 Cal.App.4th 1230; Reynolds v. County of San Diego, 84 F.3d 1162 (9th Cir. 1996); Craft v. County of San Bernardino, 468 F.Supp.2d 1172 (2006); Thompson v. County of Los Angeles, 142 Cal.App.4th 154 (206).

Defendants also argue that Plaintiff's third cause of action should be dismissed because Plaintiff does not allege that he was battered and unlawfully detained for the purpose of

1  interfering with one of his constitutional rights separate from that implicated by the use of
2  force and detention.  (Doc. No. 2 at 5.)  Section 52.1 requires "an attempted or completed act
3  of interference with a legal right, accompanied by a form of coercion." Jones v. Kmart Corp.,
4  17 Cal.4th 329, 334 (1998). The essence of a Bane Act claim is that the defendant, by "threats,
5  intimidation or coercion," tried to or did prevent the plaintiff from doing something he or she
6  had the right to do under the law, or to force the plaintiff to do something that he or she was
7  not required to do under the law. Id.; see also Austin V. v. Escondido Unified School Dist., 149
8  Cal.App.4th 860, 883 (2007).

9        The Court grants Defendants' motion to dismiss Plaintiff's Bane Act cause of action
10 with leave to amend.  Plaintiff's allegations in his third cause of action, which refer to his
11 allegations in paragraphs 2 through 8 of his first cause of action, fail to meet Rule 8(a)'s
12 requirements of "a short and plaint statement of the claim showing that the pleader is entitled
13 to relief" against each Defendant. (See Compl. ¶¶ 18-19.) From Plaintiff's complaint, it is
14 unclear what legal right under the Constitution or laws of the United States or under the
15 Constitution and laws of California Plaintiff alleges Defendants interfered with and what
16 actions constitute Defendants' threats, intimidation, or coercion.  Without these allegations,
17 Plaintiff's complaint fails to sufficiently put Defendants' on notice of the claims against them.

18 **C.  Negligent Supervision**

19       Plaintiff's seventh cause of action is for negligent supervision against Defendant County
20 of San Diego.  (Compl. ¶¶ 29-34.)  Plaintiff alleges that the County was responsible for the
21 reasonable operation and supervision of San Diego County Sheriff Officers, that the County
22 owed a duty to the general public, especially members that would come into contact with
23 Sheriff Officers, and that the County's negligent supervision allowed Sobczak to physically
24 injure and falsely arrest Plaintiff.  (Id. ¶¶ 29-32.)  Plaintiff also alleges that the County knew
25 or should have known about citizen complaints against Sobczak.  (Id. ¶ 33.)  Defendants argue
26 that this cause of action should be dismissed because negligent hiring, training, and supervising
27 is not a statutory theory of recovery that can be maintained against the County under the
28 California Tort Claims Act ("CTCA").  (Doc. No. 2 at 2.)  Plaintiff concurs with Defendants'

1 request for dismissal of this cause of action, but asks that it be without prejudice. (Doc. No.
2 3 at 1.)

3       The CTCA provides the exclusive scope of tort liability for government entities and
4 employees. Cal. Gov't Code § 810, et seq. Common law governmental tort liability was
5 eliminated by the CTCA. Datil v. City of Los Angeles, 263 Cal.App.2d 655, 660 (1968). As
6 a result, public entities are only liable for any injury if a statute is found declaring them to be
7 liable. Cal. Gov't Code § 815; Searcy v. Hemet Unified School Dist., 177 Cal.App.3d 792,
8 802 (1986). California courts have repeatedly held that there is no statutory basis for direct
9 claims against a public entity for negligent hiring and supervision practices. See Zelig v.
10 County of Los Angeles, 27 Cal.4th 112 (2002); de Villers v. County of San Diego, 156
11 Cal.App.4th 238, 252 (2007); Munoz v. City of Union City, 120 Cal.App.4th 1077 (2004).
12 Plaintiff has made no effort to identify a statutory basis supporting a direct claim against the
13 County for Plaintiff's injuries allegedly caused by the County's generic negligence in
14 supervising its employees, specifically Defendant Sobczak. Accordingly, to the extent that
15 Plaintiff's seventh cause of action is against the County for direct liability based upon its
16 negligent supervision of Sobczak, the Court grants Defendants' motion to dismiss with
17 prejudice.

18 **Conclusion**

19       For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss
20 Plaintiff's second cause of action with leave to amend, Plaintiff's third cause of action with
21 leave to amend, and Plaintiff's seventh cause of action with prejudice. Plaintiff may file a first
22 amended complaint within 30 days of the date of this Order.

23     **IT IS SO ORDERED.**

24 DATED: August 31, 2009

25

26                 MARILYN L. HUFF, District Judge
                   UNITED STATES DISTRICT COURT

27

28