THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By RICKY R. SANCHEZ, Senior Deputy (State Bar No. 107559)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4874
E-mail: ricky.sanchez@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and Deputy Evan Sobczak

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENACHEN SHOVAL,<br><br>          Plaintiff,<br><br>     v.<br><br>SAN DIEGO COUNTY SHERIFF DEPUTY EVAN SOBCZAK, and THE COUNTY OF SAN DIEGO, and DOES I – X, inclusive,<br><br>          Defendants. | No. 09-CV-1348-AJB(WVG)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO VACATE TRIAL DATE<br><br>Trial Date: January 30, 2012<br>Time: 9:00 a.m.<br>Court room: 12<br>Hon. Anthony Bataglia |

This matter was originally set for trial to begin on December 5, 2011. At plaintiff's request the trial date was continued to its present scheduled date. This action was commenced on June 23, 2009, with the filing of plaintiff's complaint. Plaintiff's lawsuit arises out of an encounter between him and Deputy Sobczak that occurred on July 3, 2008, whereat Deputy Sobczak responded a call concerning suspected criminal activity occurring on a parcel of land that was adjacent to the reporting party's residence.

Discovery was conducted and completed by the parties. Deputy Sobczak had no knowledge of plaintiff prior to the event. And he was not familiar with the parcel of land to which he went in response to the crime call. By and through numerous meetings and conferring between the parties' attorneys with reference to information garnered from discovery, the pleadings and plaintiff's causes of action against defendants were refined

1  and finalized.  The pretrial order prepared by the parties and signed by this court
2  identifies the causes of action to be tried as follows: excessive force, battery, false arrest,
3  negligence, violation of Civil Code section 52.1.
4       Plaintiff's attorney does not by the ex parte motion merely ask for a continuance of
5  the trial date for a reasonable amount of time to familiarize himself with the depositions,
6  discovery responses, and to prepare for examination of the parties, rather he is asking that
7  new parties such as the City of Poway and its officials be added as defendants and that
8  new claims be allowed purportedly pertaining to a land use development dispute between
9  plaintiff and the City that have nothing to do with the encounter between Deputy Sobczak
10 and plaintiff at the scene on the night of July 3, 2008.
11      Defense counsel does not represent the City of Poway.  And there are serious
12 problems with plaintiff's new attorney's desire to use this lawsuit, which pertains only to
13 the reasonableness of Deputy Sobczak's use of force and detention of plaintiff, as a
14 vehicle to litigate a land use issue against the City of Poway.  There is a statute of
15 limitations issue, party notice, party and cause of action addition issues, and substantial
16 issues of prejudice and undue delay to Deputy Sobczak and the County by plaintiff now
17 seeking to revise the nature of this case after discovery has closed, the motions date has
18 passed, in limine motions have been completed and ruled upon, proposed jury
19 instructions and jury verdict submitted, the pretrial conference completed, and a pretrial
20 order has been issued and is in place.  Plaintiff's motion to continue to allow amendment
21 should be disallowed because it would cause prejudice to the defendants and undue delay
22 under these circumstances.  See *Solomon v. North American Life & Cas. Ins. Co.,* 151
23 F.3d 1132, 1139 (9th Cir. 1998) [motion for leave to amend after the close of discovery
24 properly denied as it would result in prejudice and undue delay]; and see *Nguyen v. Saxon
25 Mortgage Services, Inc.,* 2011 WL 2600998, *3 (D. Oregon 6/30/11) [motion to amend
26 denied - reopening discovery, the addition of parties or complaints, and delay are all
27 indicative of prejudice.]
28 ///

1  That plaintiff has elected to go with a new attorney just one and one-half months
2  before trial does not relieve plaintiff or his new attorney from complying with the Federal
3  Rules of Civil Procedure, such as rules 15 and 16, and the notice requirements of Civil
4  Local Rule 7.1, in timely moving to seek changes to these proceedings.
5  And contrary to plaintiff's attorney's argument in the ex parte papers, it is not
6  defense counsel's fault that any of the above problems with plaintiff's case exist.  It is
7  unreasonable to expect defendants to agree to an alteration of the asserted causes of
8  action, to the addition of heretofore uninvolved parties, to re-open discovery, to an open
9  ended continuance of the trial date, and to abandon the work already completed to bring
10 this matter to trial.  By correspondence dated December 19, 2011, sent to defense counsel
11 by plaintiff's new attorney before he even filed in this court a notice of appearance,
12 plaintiff inquired whether defendants would be "inclined or disinclined" to stipulate to
13 plaintiff amending the pleadings, re-opening discovery, and to continuing the trial date.
14 No mention was made in the correspondence that he was also contemplating proceeding
15 against new parties as now described in plaintiff's ex parte papers.  Plaintiff's new
16 attorney asked for defense counsel to respond to his correspondence by the close of
17 business on Wednesday December 21, 2011.  A copy of plaintiff's attorney's
18 December 19, 2011, correspondence is attached as Exhibit "A".  Plaintiff's new attorney
19 left only one voice mail message with defense counsel and that was on December 21,
20 2011, asking defense counsel to respond to his inquiry in writing or orally.  Defense
21 counsel timely responded to plaintiff's new attorney's request that defendants inform
22 plaintiff of the defendants' "inclination" about vacating the trial date and revising the
23 pleadings.  Several hours before the close of business on Wednesday defense counsel sent
24 by facsimile transmission a correspondence to plaintiff's new attorney's informing him
25 that defendants could not agree to his requests.  That correspondence was also mailed to
26 plaintiff's new attorney.  A copy of the correspondence from defense counsel along with
27 the confirmation of facsimile transmission is attached as Exhibit B.
28 ///

1     Based on the foregoing, plaintiff's ex parte motion should be denied.

2   DATED:  January 11, 2012        THOMAS E. MONTGOMERY, County Counsel

By: s/ RICKY R. SANCHEZ, Senior Deputy
Attorneys for Defendants County of San Diego and Evan Sobczak
E-mail: ricky.sanchez@sdcounty.ca.gov