UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENACHEN SHOVAL,<br><br>             Plaintiff,<br>v.<br><br>EVAN SOBZAK, San Diego County Sheriff Deputy; THE COUNTY OF SAN DIEGO and DOES 1 through X,<br><br>             Defendants. | Case No.: 09cv1348 AJB (WVG)<br><br>ORDER DENYING EX PARTE APPLICATION TO VACATE TRIAL DATE, AMEND COMPLAINT AND REOPEN DISCOVERY<br><br>[Doc. No. 62] |

      The Plaintiff has filed an ex parte application seeking to vacate the trial date currently set for January 30, 2012 and leave to amend the Complaint to add additional defendants and re-open discovery. The Defendants have filed a response in opposition to the ex parte application. For the reasons set forth below, the Plaintiff's ex parte application is hereby DENIED and the trial will commence as scheduled on January 30, 2012 at 9:00 a.m. in Courtroom 12.

### *Discussion*

      The Plaintiff's ex parte application seeks to vacate the trial date set for January 30, 2012 and to amend the complaint to add additional defendants and re-open discovery. Plaintiff's counsel states that he has only been the attorney of record since December 29, 2011, and if this ex parte application is denied, the Plaintiff will face 'unfair prejudice' as new counsel will be unable to prepare properly for the trial. The Court is not moved by Plaintiff's counsel's arguments.

1    Plaintiff's counsel knew this case was set for trial on January 30, 2012, when the request for
2 substitution were filed on December 22 and 23, 2011.  Plaintiff's counsel appears to argue that the
3 Court's Order granting this substitution one month before trial necessitates the continuation of the trial
4 date.  Plaintiff's counsel is mistaken.  The Plaintiff was previously represented by counsel and the case
5 was ready for trial prior to the request for substitution of attorney.[1]  Plaintiff's counsel should not have
6 agreed to become the attorney of record in this case unless he was ready to proceed on the schedule set
7 by this Court.  The requests for substitution of counsel made no mention of any need for additional time
8 by new counsel and it was upon that basis that this eleventh hour substitution of counsel was granted.

9    The Court finds that the Plaintiff has failed to demonstrate good cause with regard to the requests
10 to amend the complaint and re-open discovery. Federal Rule of Civil Procedure 16(b) "provides that a
11 district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which
12 focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174
13 (9th Cir.2007).  The time for amendment of the complaint has long passed.  The parties and causes of
14 action the Plaintiff now seeks to add are not alleged to be based on new information, but instead appear
15 to have been known by the Plaintiff prior to the initiation of this litigation. The Plaintiff has failed to
16 demonstrate diligence or good cause for the relief request, and as such, the Plaintiff's ex parte applica-
17 tion is hereby DENIED.
18 //
19 //
20 //
21 //
22 //
23 //
24 //

---

[1] On December 22, 2011, and again on December 23, 2001 the Plaintiff filed ex parte applications seeking a substitution of attorney, Doc. Nos. 59 and 60, which were granted by this court on December 29, 2011, Doc. No. 61. Prior to this request, the Court had already entered a pretrial order on September 23, 2011 and ruled on the parties motions in limine during a hearing on November 18, 2011. The parties already completed all of the required pretrial preparations, including filing of their respective trial briefs on November 4, 2011, proposed jury instructions on November 21, 2011.The jury instructions were in fact already settled and ruled upon with two exceptions reserved for trial.

### *Conclusion*

Plaintiff's ex parte application to vacate the trial date currently set for January 30, 2012, to amend the Complaint to add additional defendants, and to re-open discovery is DENIED. The trial in this case will proceed as set by this Court at 9:00 a.m. on January 30, 2012 in Courtroom 12.

IT IS SO ORDERED.

DATED: January 12, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge